# EXHIBIT 1



**WINTHROP & WEINSTINE**

SERVED ON
AUG 4 2022
MK

August 3, 2022

John C. Holper
Direct Dial: (612) 604-6542
Main Fax: (612) 604-6800
jholper@winthrop.com

## VIA HAND DELIVERY

Zurich American Insurance Company
1299 Zurich Way
Schaumburg, IL 60196

Zurich American Insurance Company
c/o Corporation Service Company
2345 Rice Street, Suite 230
Roseville, MN 55113

Re:   The Rotenberg Companies, Inc. v. Zurich American Insurance Company

Dear Sir/Madam:

Enclosed and served upon you as a duly authorized officer, managing agent, or other person authorized to accept service of process on behalf of Zurich American Insurance Company, please find the following regarding the above-captioned matter:

1. Summons; and
2. Complaint.

Very truly yours,

WINTHROP & WEINSTINE, P.A.

*s/John C. Holper*

John C. Holper

JCH/mtb

Enclosures

c:   Richard Rotenberg

24490045v1

CAPELLA TOWER | SUITE 3500  225 South 6th Street  Minneapolis, MN 55402   P / 612.604.6400   F / 612.604.6800   W / winthrop.com   A Professional Association

**EXHIBIT 1 PAGE 1**

STATE OF MINNESOTA          DISTRICT COURT

COUNTY OF HENNEPIN          FOURTH JUDICIAL DISTRICT

CASE TYPE: Contract/ Declaratory Judgment

---

The Rotenberg Companies, Inc.,          Court File No.:_____

    Plaintiff,

vs.          **SUMMONS**

Zurich American Insurance Company,

    Defendant.

---

THIS SUMMONS IS DIRECTED TO: DEFENDANT ZURICH AMERICAN INSURANCE COMPANY, 1299 Zurich Way, Schaumburg, IL 60196; ZURICH AMERICAN INSURANCE COMPANY c/o Corporation Service Company, 2345 Rice Street, Suite 230, Roseville, MN 55113.

1. **YOU ARE BEING SUED.** The Plaintiff has started a lawsuit against you. The Plaintiff's Complaint against you is attached to this summons. Do not throw these papers away. They are official papers that affect your rights. You must respond to this lawsuit even though it may not yet be filed with the Court and there may be no court file number on this summons.

2. **YOU MUST REPLY WITHIN 21 DAYS TO PROTECT YOUR RIGHTS.** You must give or mail to the person who signed this summons a written response called an Answer within 21 days of the date on which you received this Summons. You must send a copy of your Answer to the person who signed this summons located at:

John C. Holper, Esq.
Olivia M. Cooper, Esq.
Winthrop & Weinstine, P.A.
225 South Sixth Street, 3500 Capella Tower
Minneapolis, Minnesota 55402

3. **YOU MUST RESPOND TO EACH CLAIM.** The Answer is your written response to the Plaintiff's Complaint. In your Answer you must state whether you agree or disagree with each paragraph of the Complaint. If you believe the Plaintiff should not be given everything asked for in the Complaint, you must say so in your Answer.

**EXHIBIT 1 PAGE 2**

4.     **YOU WILL LOSE YOUR CASE IF YOU DO NOT SEND A WRITTEN RESPONSE TO THE COMPLAINT TO THE PERSON WHO SIGNED THIS SUMMONS.** If you do not Answer within 21 days, you will lose this case. You will not get to tell your side of the story, and the Court may decide against you and award the Plaintiff everything asked for in the complaint. If you do not want to contest the claims stated in the complaint, you do not need to respond. A default judgment can then be entered against you for the relief requested in the complaint.

5.     **LEGAL ASSISTANCE.** You may wish to get legal help from a lawyer. If you do not have a lawyer, the Court Administrator may have information about places where you can get legal assistance. Even if you cannot get legal help, you must still provide a written Answer to protect your rights or you may lose the case.

6.     **ALTERNATIVE DISPUTE RESOLUTION.** The parties may agree to or be ordered to participate in an alternative dispute resolution process under Rule 114 of the Minnesota General Rules of Practice. You must still send your written response to the Complaint even if you expect to use alternative means of resolving this dispute.

Dated: August 3, 2022                                WINTHROP & WEINSTINE, P.A.

By:  *s/John C. Holper*
John C. Holper #0229350
Olivia M. Cooper, #0398322

225 South Sixth Street
Suite 3500
Minneapolis, MN  55402
Telephone: (612) 604-6400
E-mail: Jholper@winthrop.com
E-mail: Ocooper@winthrop.com

Attorneys for Plaintiff

24490965v2

2

**EXHIBIT 1 PAGE 3**

| | |
|---|---|
| STATE OF MINNESOTA | DISTRICT COURT |
| COUNTY OF HENNEPIN | FOURTH JUDICIAL DISTRICT |
| | CASE TYPE: Contract/ Declaratory Judgment |

| | |
|---|---|
| The Rotenberg Companies, Inc., | Court File No.:_____ |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| Zurich American Insurance Company, | |
| Defendant. | |

COMES NOW, Plaintiff Rotenberg Companies, Inc. ("Plaintiff"), and as and for its Complaint against Defendant Zurich American Insurance Company ("Defendant"), states and alleges as follows:

### NATURE OF THE ACTION

1. This is an action for breach of contract and declaratory judgment pursuant to Minn. Stat. § 555, *et. seq.* and Rule 57 of the Minnesota Rules of Civil Procedure. Plaintiff seeks a judgment against Defendant and a declaratory judgment that (1) Defendant is obligated to pay, and shall immediately pay, to Plaintiff the sum of $2,196,166.00 pursuant to a July 29, 2022 appraisal award issued in accordance with the terms of the Commercial Property policy of insurance, Policy No. CPO 0175876-06 issued by Defendant to Plaintiff ("Policy"), and (2) Plaintiff is entitled to recover from Defendant pre-award and continuing interest and costs on the amount of the appraisal award pursuant to Minn. Stat. § 549.09 and applicable law.

### PARTIES, JURISDICTION, AND VENUE

2. Plaintiff is a Minnesota real estate development company that owns and operates

**EXHIBIT 1 PAGE 4**

numerous commercial and residential properties, including 7401-7435 Washington Avenue South, Edina, Minnesota 55439 ("Property").

3. Plaintiff is the Named Insured and the Property is one of several covered properties specifically identified in the Policy.

4. The Policy remains in effect. For purposes of this action, the Policy issued by Defendant to Plaintiff was in effect from July 17, 2020 to July 17, 2021, the relevant time period for purposes of the loss sustained by Plaintiff.

5. Defendant is an insurance company that sells, among other things, insurance policies, including commercial property policies of insurance.

6. Upon information and belief, Defendant is incorporated in New York with a principal place of business located at 1299 Zurich Way, Schaumburg, IL 60196.

7. Defendant is authorized to sell insurance to insureds located in the State of Minnesota and sells insurance to insureds in the State of Minnesota, including Plaintiff.

8. This is a civil case in which the Court has original jurisdiction under Minn. Stat. § 484.01.

9. The Court has personal jurisdiction over Defendant pursuant to Minn. Stat. § 543.19 as Defendant is licensed and authorized to sell insurance and transact business in Minnesota and transacts business in Minnesota.

10. Venue is proper in Hennepin County pursuant to Minn. Stat. §§ 542.02 and 549.09 as the cause of action arose in Hennepin County, and as the Property is located in Hennepin County.

**EXHIBIT 1 PAGE 5**

## FACTS

11. At all times relevant hereto, the Property was insured under the Policy issued by Defendant which coverage included damage to the Property caused by hail.

12. On August 9, 2020, the Property sustained substantial hail damage, a covered loss under the terms of the Policy ("Loss").

13. On August 21, 2020, Plaintiff submitted a written notice of its hail damage claim to Defendant via a Property Loss Notice.

14. Defendant initially determined the value of the Loss and the Replacement Cost Value of the Loss at $57,893.89.

15. Plaintiff disputed the loss evaluation and demanded an appraisal as provided for by the Policy and Minn. Stat. §§ 65A.01 and 65A.26.

16. Plaintiff and Defendant participated in the appraisal process as set forth in the Policy.

17. On July 29, 2022, the appraisal panel issued its appraisal award for the Loss awarding Plaintiff $2,196,166.00 ("Appraisal Award"). A true and correct copy of the Appraisal Award is attached hereto as Exhibit A.

18. Pursuant to the terms of the Policy, Defendant is obligated to pay the Appraisal Award within 5 business days after the Appraisal Award is issued. Defendant has not made payment.

19. In addition to the principal amount of the Appraisal Award, Plaintiff is entitled to pre-award and continuing interest and costs from Defendant on the principal amount of the Appraisal Award in an amount of at least $420,581.31 pursuant to Minn. Stat. § 549.09 and applicable law, which amount continues to increase.

**EXHIBIT 1 PAGE 6**

## COUNT I.
### (Breach of Contract)

20. The preceding allegations are incorporated by reference as if fully stated herein.

21. By not paying the Appraisal Award within 5 business days after the Appraisal Award was issued, Defendant is in breach of the Policy.

22. As a result of Defendant's breach of the Policy, Plaintiff is entitled to judgment against Defendant because of its breach of contract in the principal amount of $2,196,166.00, plus pre-award interest and costs in the amount of at least $420,581.3, which amount continues to increase.

## COUNT II.
### (Declaratory Judgment)

23. The preceding allegations are incorporated by reference as if fully stated herein.

24. This matter is brought pursuant to the Uniform Declaratory Judgment Act, Minn. Stat. § 555.01, *et. seq.*

25. There is a real and justiciable controversy between Plaintiff and Defendant regarding Defendant's payment obligations under the Appraisal Award and the amount due Plaintiff, including interest and costs, which is appropriate for determination by declaratory judgment pursuant to Minn. Stat. § 555.01 *et seq.*

26. Plaintiff is entitled to a declaratory judgment pursuant to Minn. Stat. § 555.01 *et. seq.*, declaring and determining that:

   a. Defendant is obligated to pay, and shall immediately pay, to Plaintiff, the sum of $2,196,166.00 pursuant to the Appraisal Award in accordance with the terms of the Policy; and

   b. Plaintiff is entitled to recover from Defendant all pre-award and continuing

interest and costs on the principal amount of the Appraisal Award pursuant to Minn. Stat. § 549.09 and applicable law.

**WHEREFORE**, Plaintiff requests the following relief against Defendant:

1. On Count I, judgment against Defendant in the principal amount of $2,196,166.00 plus pre-award interest and costs in the amount of at least $420,581.3, which amount continues to increase.

2. On Count II, a declaratory judgment pursuant to Minn. Stat. § 555.01 *et. seq.*, declaring and determining that:

    a. Defendant is obligated to pay, and shall immediately pay, to Plaintiff, the sum of $2,196,166.00 pursuant to the Appraisal Award in accordance with the terms of the Policy; and

    b. Plaintiff is entitled to recover from Defendant all pre-award and continuing interest and costs on the principal amount of the Appraisal Award pursuant to Minn. Stat. § 549.09 and applicable law.

Dated: August 3, 2022                                   WINTHROP & WEINSTINE, P.A.

                                                        By: *s/John C. Holper*
                                                            John C. Holper, #0229350
                                                            Olivia M. Cooper, #0398322

                                                        225 South Sixth Street
                                                        Suite 3500
                                                        Minneapolis, MN 55402
                                                        Telephone: (612) 604-6400
                                                        E-mail: jholper@winthrop.com
                                                        E-mail: ocooper@winthrop.com

                                                        Attorneys for Plaintiff

5

**EXHIBIT 1 PAGE 8**

## ACKNOWLEDGMENT

The undersigned hereby acknowledges that pursuant to Minn. Stat. § 549.211, Subd. 2, costs, disbursements and reasonable attorney and witness fees may be awarded to the opposing party or parties in this litigation if the Court should find that the undersigned acted in bad faith, asserted a claim or defense that is frivolous and that is costly to the other party, asserted an unfounded position solely to delay the ordinary course of the proceedings or to harass; or committed a fraud upon the Court.

Dated: August 3, 2022                     WINTHROP & WEINSTINE, P.A.

By: *s/John C. Holper*
John C. Holper, #0229350
Olivia M. Cooper, #0398322

225 South Sixth Street
Suite 3500
Minneapolis, MN 55402
Telephone: (612) 604-6400
E-mail: jholper@winthrop.com
E-mail: ocooper@winthrop.com

Attorneys for Plaintiff

24484153v2

Exhibit A

**EXHIBIT 1 PAGE 10**

## APPRAISAL AWARD

**Insurance Company**
Name: Zurich Insurance
Street: _____
City: _____

**Insured**
Name: Rotenberg Companies
Street: 7401-7435 Washington Ave S
City: Edina MN 55439

Policy No: _____

Claim No: 5630056469

Loss Date: 8-7-20   Cause: Hail
(Wind, Hail, Fire, etc.)

Property Description/Address: 7401-7435 Washington Ave S

This acknowledges Phillip Simon has been appointed to act as umpire in accord with the policy conditions.

Witness our hands:

Date: 7/29/2022   Appraiser: _____
Date: 7/29/2022   Appraiser: _____

| ITEM | Loss Replacement Cost | Loss Actual Cash Value |
|---|---|---|
| 1. See breakdown | 2,196,166.00 | 1,108,600.00 |
| 2. | | |
| 3. | | |
| 4. | | |
| 5. | | |
| ALL | 2,196,166.00 | 1,108,600.00 |

Replacement cost of building(s) if requested: _____

CLARIFICATIONS IF ANY: Permit is paid when incurred

We certify that we have conscientiously and impartially performed the duties assigned to us in accord with the appraisal provisions of the policy and do hereby award the amounts established above for the described loss.

Witness our hands:

Date: 7/29/2022   _____ Appraiser
Date: _____   _____ Appraiser
Date: 7-29-22   _____ Umpire
(A minimum of two signatures required)

The deliberation of the Appraisal Panel is confidential and exempt from depositions or suit in the event the agreement is challenged, or a bad faith claim or a breach of contract is filed. Furthermore, to the maximum extent permitted by law, no party will assert any claims against the named Appraisers or the named Umpire or their respective firms, seeking to hold them or their firms liable for any act or omission in performing their duties as an Appraiser or Umpire.

**EXHIBIT 1 PAGE 11**

RCV

Rotenberg

| | | |
|---|---|---|
| Metal roofs | $42,066.00 | $31,550.00 |
| HVAC | $74,100 | $37,050.00 |
| Membrane System | 2,080,000 | 1,040,000 |

RCV = $2,196,166     ACV = 1,108,600.00

[signature] 7/29/2022

PJS 7/29/22

**EXHIBIT 1 PAGE 12**